UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2023 JAN 11 PM 1:38
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

Tray ~~Monte Snipes~~ pes
    Plaintiff,

-against-

P. Pavese
R. Sutton AND Rose
    Defendants,

Complaint For Violation of Civil Rights
Case No. 2:23-cv-00026-SPC-NPM
(To be supplied by The clerks office)

Page 1

I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The U.S. District Court Fort Myers Division is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

II Plaintiffs

3. Plaintiff, Traymonte Snipes, is and was at all times mentioned herein an inmate of The State of Florida in the custody of the Lee County Jail. He is currently confined in Lee County Main Jail, in Fort Myers Florida.

III Defendants

4. Defendant, P. Pavese is a correctional officer of the Lee County Main Jail who, at all times mentioned in this complaint held the rank of lieutenant and was assigned to Lee County Jail.

5. Defendant, R. Sutton, is a Food Service Director of the Lee County Jail who, at all times mentioned in this complaint held the position of director of Food Service.

6. Defendant, Rose, is assistant Food Service Director of the Lee County Jail who, at all times mentioned in this complaint held the position of assistant director of Food Service.

page 2

## IV. Facts

7. At all times relevant to this case, Plaintiff Traymonte Snipes was assigned to 2F Block.

8. On November 24, 2022 Plaintiff had filed a Jail Commander request. In request #13,625,265, Plaintiff had informed the Jail Commander that he was being underfed and denied certain Food items by Food service directors Mrs. Sutton and Mrs. Rose.

9. Plaintiff had requested an investigation of the matter and did request the Jail Commander to order Jailers to comply to the nutritional standards.

10. Pavese had responded to plaintiff's Jail Commander request and said that Jailers were allowed to feed criminal Inmates anyway they desired.

11. Pavese concluded that there did not exist a standard specifying the amount or type of food, to feed a criminal inmate. Pavese advised Plaintiff to either eat his assigned meals or starve.

12. On November 25, 2022 Plaintiff had filed a Jail Commander grievance. In grievance 13,484,719, Plaintiff had informed the Jail Commander of his food conditions and Pavese's failure to provide a reasonable response. Plaintiff asked for Remedy.

13. Pavese had responded to plaintiff's grievance and told plaintiff that his grievance was deemed frivolous and his request for Remedy was denied.

14. Plaintiff had appealed Pavese's decision and sought Administrative Remedy through the Jail Major. Plaintiff had asked the Jail Major to order Jailers to investigate his food conditions and direct Jailers to comply to nutritional standards.

15. Pavese had intercepted plaintiff's appellette request and denied plaintiff administrative Remedy. Pavese advised plaintiff to stop his complaints or he would reduce plaintiff's food items to bread and water.

Page 3

16. On November 25, 2022 plaintiff had wrote The Jail Major a complaint about Pavese's statements and refusal to correct food complaints.

17. Plaintiff had asked the Jail commander and Major to provide him copies of request 13,625,265 AND grievance 13,484,719. (See Exhibit A-1 and A-2)

18. On December 2, 2022 Pavese had erased his response in Jail commander request 13,625,265 and had R. Sutton falsify information in this request. Request 13,625,265 is saved on the LCJ's Inmate kiosk system.

19. On this same day, plaintiff had also discovered that Pavese erased grievance 13,484,719 from the kiosk system. Although Pavese said that it was a mistake he would not provide plaintiff a remedy for the compromization of plaintiff's grievance.

20. R. Sutton and Mrs. Rose are continuing to underfeed plaintiff and have now denied plaintiff real milk on a consistant basis. They are providing plaintiff a tart flavored liquid that they call "powdered milk," and are serving him small grinds of meat that they call plant based protein. Overall, R. Sutton and Mrs. Rose are depriving plaintiff adequate protein, carbs, fats, and vegitables and are causing him to lose weight and feel hungery. Plaintiff is suffering from: insomnia, irregular bowel movements, hunger, lack of energy, and mood changes AND suffering emotional distress.

21. On December 3, 2022 plaintiff notified the Jail Major that he will no longer rely on the Jail's kosk system to file Jail commander Requests/Grievances. Plaintiff said that he will file his request and grievance on paper. (see: Exhibit A-3) This notice was given to Deputy King and was provided to his supervisor named Kohler.

page 4

vi. legal claims

22. Defendants Sutton and Rose are underfeeding and denying plaintiff Snipes certain food items to deprive him of adequate nutrition. Defendants Sutton and Rose's actions violated and continues to violate plaintiff Snipes's rights under the Eigth Amendment to the United States constitution and is causing plaintiff Snipes suffering and emotional distress. (See: Robles v. Coughlin, 725 F.2d 12 (2d cir. 1983) See also: Foster v. Runnels, 554 F.3d 807 (9th cir 2009) AND Byrd v. Wilson, 701 F.2d 592 (6th cir. 2013).

23. Defendant Pavese acted with deliberate indifference by refusing to correct Sutton and Rose's misconduct, and is encouraging the continuation of the misconduct. He also erased plaintiff's grievance and Remedy from the Jail's kiosk system to deny plaintiff Grievance Remedies. (See: Wilson v. Seiter, 501 U.S. 294 (1991) AND Farmer v. Brennan, 511 U.S. 825 (1994). (See also: Vance v. Peters, 97 F.3d 987 (7th cir 1996)

24. Plaintiff Snipes has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff Snipes has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

Page 5.

VI. Prayer for Relief

Wherefore, Plaintiffs respectfully pray that this court enter Judgement:

25. Granting Plaintiff Snipes declaration that the acts and omissions described herein violate his rights under the constitution and laws of the United States and

26. A preliminary and permanent Injunction ordering defendants Sutton, Rose and Pavese to cease their misconduct towards plaintiff Snipes and

27. Granting Plaintiff Snipes punitive damages in the amount of $85,000 against each defendant, Jointly and severally.

28. plaintiff Snipes also seek nominal Damages in the amount of $1,500 against each defendant Jointly and severally.

29. plaintiff seeks a Judge only trial triable by a Judge.

30. plaintiff also seeks recovery of their costs in this suit and Any additional Relief this court deems Just, proper, and equitable.

Date: December 25, 2022

Respectfully Submitted, Traymonte Snipes
# 321664
lee County Max facility
2115 DR. MLK JR. Blvd
Fort Myers FL, 33901

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Traymonte Snipes

*[signature]*

page 6